# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **RICHARD DWYER,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. |
| : | 5:07-cv-152 (HL) |
| **WILLIE O. WOODS and WESTERN** : | |
| **EXPRESS, INC.,** : | |
| : | |
| **Defendants.** : | |
| : | |

## ORDER

Defendants removed this matter from the State Court of Houston County on April 20, 2007, and allege diversity as the basis for federal jurisdiction. As part of the Court's initial file review process, the Court must determine whether a proper jurisdictional basis exists for each case. This is particularly important here as Defendants seek to remove an ongoing case from state court to federal court. As such, Defendants bear the burden of proving that federal jurisdiction exists. <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316,1319 (11th Cir. 2001) (citing <u>Kirkland v. Midland Mortgage Co.</u>, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)).

Diversity jurisdiction, pursuant to 28 U.S.C. § 1332, requires a case between citizens of different states and an amount in controversy exceeding $75,000. In addition, "complete diversity" must exist between all parties for the court to retain jurisdiction; this means that every plaintiff must be diverse from every defendant. <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998). Defendants have failed to established the required amount in controversy.

Where a plaintiff makes an "unspecified demand for damages" in a state court complaint, a defendant seeking to remove the case need only "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds [$75,000]." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1537 (11th Cir. 1996). In contrast, where a plaintiff has specifically claimed less than the jurisdictional amount, a defendant seeking to remove the case to federal court must prove "to a legal certainty that plaintiff, if [he or she] prevailed, would not recover below[$75,000]." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994). In determining whether the amount in controversy is satisfied on removal, district courts look first to the original complaint to ascertain whether it is "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. If the jurisdictional requirement is not facially apparent courts look to the Notice of Removal and any additional evidence provided.

As the complaint in the present case specifies a specific damage amount, the legal certainty standard is applicable. To meet their burden Defendants must make an affirmative showing that "if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000]." Burns, 31 F.3d at 1096. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams, 269 F.3d at 1319-20.

Here, Defendants have failed to meet their burden. In an apparent attempt to satisfy this requirement Defendants state "based on the allegations asserted in Plaintiff's Complaint in the state court action, the amount in controversy is in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs." As Defendants' assertion offers no more than a bare assertion that Plaintiff's claim satisfies the amount in controversy requirement, Defendants have failed to establish an award below the jurisdictional amount is outside the range of possible awards should the Plaintiff ultimately prevail.

As Defendants' allegations regarding amount in controversy are insufficient to establish federal diversity jurisdiction, Defendants have twenty days, from the entry of this order on the docket, to properly allege diversity jurisdiction. If Defendants fail to do so, the case will be remanded to the State Court of Houston County for lack of jurisdiction.

**SO ORDERED**, this the 23rd day of April, 2007.

/s/ Hugh Lawson
**HUGH LAWSON, Judge**

scs